UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20437-CR-MARTINEZ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

KENNETH MARTINEZ,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

On or about January 11, 2011, court-appointed defense counsel Douglas L. Williams ("Counsel") submitted a voucher application numbered FLS 10 4531 with appended time sheets requesting $13,426.00 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied time sheets and a brief letter of explanation dated January 12, 2011 (the "Letter of Explanation") in support of his voucher application. Counsel represented Defendant Kenneth Martinez ("Defendant") for just over six (6) months from his appointment on June 15, 2010 until January 6, 2011.

Counsel seeks $13,426.00 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 507]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve compensation in an amount in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This "case was indicted as a multi-defendant, multi-count, 'paper-heavy' mortgage fraud case." (Letter of Explanation at 1). The case involved fourteen (14) individuals charged with conspiracy to commit bank fraud as well as substantive bank fraud in violation of 18 U.S.C. §§ 1344 & 1349. The grand jury returned an Indictment **[DE # 3]** in this matter on June 10, 2010.

The Indictment contained sixteen (16) counts. The government alleged that Defendant and the codefendants were involved in a mortgage fraud conspiracy scheme to recruit straw buyers to purchase vacant land properties. The purpose of the scheme was to obtain money from various banks and lending institutions to finance the purchase of the properties through materially false representations and fraudulent pretenses concerning the true purchasers of the properties.

The scheme required the straw buyers to pose as the buyers when, in fact, the straw buyers were not to be either the true owners of the properties or responsible for making the monthly mortgage payments. Rather, other unqualified third persons were to be the true owners of the properties. In the scheme, the straw buyers would purchase the properties at highly inflated prices by obtaining mortgages on the properties. The true owners of the

properties would fail to make payments on the mortgages and default on the loans. The various banks and lending institutions would be forced to foreclose on the properties, suffering large losses.

In Count I of the Indictment, the government charged Defendant with conspiracy to commit bank fraud. Defendant faced a maximum sentence of thirty (30) years imprisonment. In Counts II and XII of the Indictment, the government charged Defendant with bank fraud. Defendant faced a maximum sentence of thirty (30) years for each of these two counts.

Second, this case was extremely document intensive. Counsel explained that this case was "pondersome." (Letter of Explanation at 1). The discovery "consist[ed] of banking records, excerpts from public records (i.e. real estate records) from various counties throughout Florida, sound recordings, closing statements, HUD statements associated with mortgage loans, and more." (Letter of Explanation at 1). The sheer volume of documents which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

Third, Counsel incurred a large amount of time negotiating with "the government in an effort to resolve the controversy by negotiation." (Letter of Explanation at 2). Further, after a change of plea hearing, what became probably the most intense aspect of the case began: the Probation Officer assigned to the writing of the Pre-Sentence Investigation Report took a position . . . that . . . resulted in extensive research and the writing of at least three different objections to the P.S.I.R. and its addenda - - a kind of side-bar, informal 'litigation'". (Letter of Explanation at 2).

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 4.6 in-court hours totaling $575.00. The CJA administrator made two changes to the in-court hours listed in the voucher.

The CJA administrator decreased the amount of time Counsel allocated to the category "Other" by 1.5 hours. The CJA administrator made this change to reflect that time Counsel spent traveling to Court for a court appearance properly belonged in the "Travel time" category on the out-of-court hours section of the voucher. The CJA administrator was eliminated 0.5 hour of this travel time as duplicative. This small change resulted in a slight decrease for the total compensation Counsel sought for in-court hours to $387.50 from $575.00.

The CJA administrator also reviewed the 102.5 out-of-court hours sought by Counsel. Counsel sought compensation for 50.8 hours for "Interviews and conferences" and 7.3 hours for "Obtaining and reviewing records." Counsel also sought compensation for 43.4 hours for "Legal research and brief writing" and 1.0 hour of "Travel time."

Again, the CJA administrator slightly increased the number of hours sought by Counsel for "Travel time" to 2.50 hours. Counsel also sought $38.50 in "Travel Expenses". The CJA administrator slightly increased this figure to $54.50. After making the small adjustments described above, the CJA administrator concluded that the overall total amount documented by Counsel in the voucher increased slightly from $13,426.00 to $13,442.00.

### In-Court Hours[1]

Counsel originally sought 4.6 in-court hours totaling $575.00. Again, the CJA administrator slightly decreased this figure to $387.50 to reflect that Counsel had inadvertently included travel to the courthouse in this category and was already receiving compensation for 0.5 hours of this time. I approve the CJA administrator's change and total amount as reasonable.

### Out-of-Court Hours

In the voucher, Counsel sought compensation for a total of 102.5 out-of-court hours. The CJA administrator reviewed the voucher and slightly increased the total number of out-of-court hours to 104.0 for a total of $13,000.00 (from $12,812.50).

Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. Following submission of his voucher, I met with Counsel on March 22, 2011 and asked him to explain these entries. Counsel clarified many of the questionable entries. A few of the troublesome entries remain, however, and I recommend that the time listed for

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

these entries be reduced:

| Date | Description | Time |
|---|---|---|
| 6/29/10 | Comp/prep/*edit* order granting motion re investigative services; *completion of service list for attachment* | 0.8 hour total reduce to 0.5 hour |
| 7/12/10 | Comp/prep/*edit/e-file* motion for additional time to file motions | 1.2 hours total [reduce to 1.0 hour] |
| 7/28/10 | ongoing comp/prep of D's motion to continue; comp/prep speedy trial waiver and proposed order; *e-file all* | 1.8 hours total [reduce to 1.6 hours] |
| 10/8/10 | Comp/prep/*edit* "Acceptance" letter; *fx tx to USPO* | 1.5 hours total [reduce to 1.3 hours] |
| 11/17/10 | Comp/prep/*efile* (from remote site) mot. for add'l time to respond/object to PSIR | 1.8 hours total [reduce to 1.6 hours] |
| 11/22/10 | Comp.prep/*edit/e-file* objections to PSIR | 4.8 hours total [reduce to 4.6 hours] |
| 12/3/10 | Comp/prep/*edit*/e-file Amended Supplemental Objs to PSIR (incl necessary research) | 6.0 hours total [reduce to 5.8 hours] |
| 12/6/10 | Comp/prep/amend/*e-file* "Addendum to Objections to PSIR" | 2.0 hours total [reduce to 1.8 hours] |
| 1/5/11 | Cont'd research & prep for sentencing hrg (sec. 3553(a); *Sneed; Shepard*); *fax/email* to AUSA and USPO | 2.5 hours total [reduce to 2.1 hours] |

I recommend that the italicized portions of the entries above be reduced because these entries are clerical duties that are not an appropriate use of billable time. The Guidelines make clear that "[g]eneral office overhead includes general office expenses that would normally be reflected in the fee charged to the client. The statutory [hourly] fee is intended to include compensation for these general office expenses." Section § 230.66.10

of the Guidelines. Absent extraordinary circumstances, secretarial expenses and telephone services are not compensable under the CJA whether or not performed by counsel. *See id.* The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court reinforces the Guidelines: "Clerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable."

During the hearing, I specifically questioned Counsel regarding the clerical tasks reflected in these entries. Counsel explained that he does not utilize an assistant to assist him with uploading documents to CM/ECF or with other clerical matters because he does not "want to delegate." The CJA does not compensate counsel separately for these tasks, however. *See* Section § 230.66.10 of the Guidelines. Accordingly, I recommend that Counsel should not be compensated for the italicized entries which amounts to a reduction of $137.50.

Counsel also included two other entries that are not sufficiently detailed to comport with the requirements of the Supplemental Instructions (questioned entries are in italics):

| | | |
|---|---|---|
| 9/2/10 | Review emails from AUSA; transmit responses; *teleconfs w/AUSA*; teleconf w/D re change of plea | 1.5 hours total [reduce to 1.3 hours] |
| 9/2/10 | *Tele-confs w/AUSA; tele-confs w/D* (second series this day) | 0.8 hour total [reduce to 0.5 hour] |

The Supplemental Instructions make clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." Although Counsel identified the parties to the conversations, Counsel failed to explain the reason for the duration of these telephone conferences. This requires a reduction of $62.50.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $12,800.00 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar*, 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $12,800.00 for out-of-court

hours, is fair, although admittedly not full compensation for Counsel's services.

## Expenses

Counsel sought $38.50 in "Travel Expenses. The CJA administrator slightly increased the amount claimed to $54.50. I hereby recommend approval of this increased amount.

## CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the January 12, 2011 Letter of Explanation, the docket and filings in this case, I RECOMMEND that Counsel be paid $12,800.00 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this ___ day of March, 2011.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
    Douglas L. Williams, Esq.
    Lucy Lara, CJA administrator